**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| A. ADRIAN RODRIGUEZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Washington Mutual Bank; and FEDERAL DEPOSIT INSURANCE CORPORATION in its Corporate Capacity,<br><br>　　　　　　Defendants. | No.<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

## I. PARTIES

1. Washington Mutual Bank ("Washington Mutual") was a banking company headquartered and doing business at Seattle, Washington.

2. Federal Deposit Insurance Corporation ("FDIC") is a corporation and agency of the United States that acted as the receiver and successor for Washington Mutual in order to facilitate a sale of Washington Mutual to JP Morgan Chase, another banking company.

3. Federal Deposit Insurance Corporation ("FDIC") in its corporate capacity acted as the successor for Washington Mutual until Washington Mutual was sold to JP Morgan Chase, another banking company.

Complaint for Breach of Contract - 1

COULTER MARTIN SMITH PLLC
1741 FIRST AVENUE SOUTH | SUITE 200
SEATTLE, WA 98134
206-957-8181 | 206-260-2893 (F)

4. Washington Mutual, at all times material to the allegations in this complaint, was a corporation headquartered and with its principal place of business in Seattle, Washington.

5. Upon information and belief, FDIC is a corporation and agency of the United States Government, with its principal place of business in the District of Columbia, and at all times material, is the successor and receiver for Washington Mutual. FDIC is made a defendant herein both as a receiver for Washington Mutual ("FDIC-Receiver") and in its corporate capacity ("FDIC-Corporate") as an independent entity of the United States Government with separate duties to Plaintiff.

6. Plaintiff A. Adrian Rodriguez is an individual.  Mr. Rodriguez at all material times was an employee of Washington Mutual in Seattle, Washington.

## II. JURISDICTION AND VENUE

7. The United States District Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 12 U.S.C. §1821, and 28 U.S.C. § 1346.

8. This Court has personal jurisdiction over all the parties.

9. Venue is proper pursuant to 28 U.S.C. 1391(e).

10. Venue is proper pursuant to 29 U.S.C. § 1332(e) and 28 U.S.C. § 1391.

11. Venue is proper pursuant to 12 U.S.C. § 1819(b)(2)(a) and 1821 (d)(6).

12. Plaintiff has complied with all procedural and administrative prerequisites to filing suit by presenting a claim to the FDIC which has been denied.

13. Venue is proper pursuant to 28 U.S.C. § 2201.

## III. FACTUAL BACKGROUND

14. Plaintiff entered into a binding employment contract with Washington Mutual which contained a provision referred to as a "change in control" clause. The change in control clause provided for compensation to Plaintiff if Washington Mutual underwent a change in control.

15. Washington Mutual's liability under Plaintiffs' change in control agreement was a readily ascertainable sum-certain amount as of September 2008.

16. According to the FDIC's website, "On September 25, 2008, the banking operations of Washington Mutual, Inc - Washington Mutual Bank, Henderson, NV and Washington Mutual Bank, FSB, Park City, UT (Washington Mutual Bank) were **sold** in a transaction facilitated by the Office of Thrift Supervision (OTS) and the Federal Deposit Insurance Corporation (FDIC)." (Emphasis added.)

17. On or about September 25, 2008, Washington Mutual underwent a change in control pursuant to that certain Purchase and Assumption Agreement.[1] FDIC, in both its corporate and receiver capacity, retained the Washington Mutual liabilities to the Washington Mutual employees, including payment of wages, for change in control.

18. All employment agreements, including the change in control and other compensation agreements were explicitly excluded from the FDIC's sale to JP Morgan Chase.[2] Therefore, the liability for the change in control agreements remains with the FDIC.

19. Plaintiff filed a claim with the FDIC to recover compensation due and owing based upon the change of control agreement and other liabilities of the FDIC.

20. The FDIC breached Plaintiff's employment contract by refusing to honor Plaintiff's claims.

21. Plaintiff has been damaged by the wrongful conduct of the FDIC.

22. The Federal Deposit Insurance Act states that the FDIC "[s]hall pay all valid obligations of the insured depository institution." 12 U.S.C. § 1821(d)(2)(H).

23. The Federal Deposit Insurance Act further obligates the FDIC to "allow any claim received on or before the date specified in the notice published under paragraph (32)(B)(i) by the receiver from any claimant which is proved to the satisfaction of the receiver." 12 U.S.C. § 1821(d)(5)(B).

## IV.  FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

24. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

25. Plaintiff had a binding employment agreement with Washington Mutual that included compensation in the event that Washington Mutual Bank underwent a change in control event.

26. In or about September 2008, Washington Mutual underwent a change in control event.

27. The FDIC, in both its capacity as a receiver and corporation, acted as the successor and receiver for Washington Mutual.

---

1. [1] *See* *http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf* (hereinafter the "PAA").

[2] *See* PAA, Schedule 2.1, ¶ 5.

Complaint for Breach of Contract - 1

COULTER MARTIN SMITH PLLC
1741 FIRST AVENUE SOUTH | SUITE 200
SEATTLE, WA 98134
206-957-8181 | 206-260-2893 (F)

28. The FDIC did not sell Plaintiff's binding employment agreements with Washington Mutual to JP Morgan Chase pursuant to the PAA.

29. The FDIC breached plaintiff's employment contracts by refusing to honor the change in control clause and refusing to pay the liability due thereunder.

## V.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

30. Judgment against Defendant for direct and consequential damages in an amount to be determined at trial;

31. Exemplary damages for the willful withholding of wages pursuant to RCW § 49.52;

32. Attorneys' fees and costs pursuant to RCW §§ 49.48 and 49.52;

33. For such other and further relief as this court deems just and equitable.

Dated this 13th day of November 2009.

**COULTER MARTIN SMITH PLLC**

_____
Jefferson Coulter
WSBA#28947
Attorney for Plaintiff

Complaint for Breach of Contract - 1

COULTER MARTIN SMITH PLLC
1741 FIRST AVENUE SOUTH | SUITE 200
SEATTLE, WA 98134
206-957-8181 | 206-260-2893 (F)